1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEVI STRAUSS & CO.,

      Plaintiff,

  v.

REVISE CLOTHING, INC.,

      Defendant.

_____/

No. C 10-03427 CW

ORDER GRANTING IN
PART DEFENDANT'S
MOTION TO STAY
(Docket No. 7)

    Defendant Revise Clothing, Inc., moves to stay this action
pending the resolution of its related declaratory judgment action
filed in the Southern District of New York.  Plaintiff Levi Strauss
& Co. (LS&C), the declaratory judgment Defendant, opposes the
motion.  The motion was taken under submission on the papers.
Having considered the papers submitted by the parties, the Court
GRANTS Revise's motion in part.

BACKGROUND

    LS&C and Revise are apparel companies.  On July 2, 2010,
LS&C's counsel sent a cease-and-desist letter to Revise,
complaining that the "Vanilla Star Mark," which is stitched on
Revise's jeans, infringes and dilutes LS&C's "Arcuate Mark."
During the month that followed, the parties communicated on at

**United States District Court**
For the Northern District of California

least four occasions concerning LS&C's allegations, but they did

not discuss any substantive matters.

On August 3, 2010, Revise filed an action in the Southern

District of New York, seeking a declaratory judgment that its

Vanilla Star Mark does not infringe LS&C's intellectual property.

Revise's Compl. ¶¶ 20-23, <u>Revise Clothing, Inc. v. Levi Strauss &</u>

<u>Co.</u>, No. C 10-5843 DAB (S.D.N.Y.).  On August 4, 2010, LS&C filed

in this Court the current action against Revise, alleging trademark

and unfair competition claims under federal and California law.

Revise answered LS&C's complaint on August 27, 2010.

On August 16, 2010, LS&C moved to dismiss Revise's declaratory

judgment action.  Revise opposed the motion and asked the New York

federal court to enjoin the prosecution of this action.  The

parties' motions were fully briefed as of September 14, 2010.

DISCUSSION

Revise asserts that, under the first-to-file rule, LS&C's

action must be stayed pending the outcome of its declaratory

judgment action in the Southern District of New York.

"There is a generally recognized doctrine of federal comity

which permits a district court to decline jurisdiction over an

action when a complaint involving the same parties and issues has

already been filed in another district." <u>Pacesetter Sys., Inc. v.</u>

<u>Medtronic, Inc.</u>, 678 F.2d 93, 94-95 (9th Cir. 1982).  This

doctrine, known as the first-to-file rule, "gives priority, for

purposes of choosing among possible venues when parallel litigation

has been instituted in separate courts, to the party who first

establishes jurisdiction." <u>Nw. Airlines, Inc. v. Am. Airlines,</u>

2

Inc., 989 F.2d 1002, 1006 (8th Cir. 1993).  The rule "serves the purpose of promoting efficiency well and should not be disregarded lightly."  Church of Scientology of Cal. v. U.S. Dep't of Army, 611 F.2d 738, 750 (9th Cir. 1979).  Further, "the considerations affecting transfer to or dismissal in favor of another forum do not change simply because the first-filed action is a declaratory action."  Elecs. for Imaging, Inc. v. Coyle, 394 F.3d 1341, 1348 (Fed. Cir. 2005) (citation and internal quotation marks omitted).

In applying the first-to-file rule, a court looks to three threshold factors: "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues."  Z-Line Designs, Inc. v. Bell'O Int'l LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003).  If the first-to-file rule does apply to a suit, the court in which the second suit was filed may, pursuant to motion, transfer, stay or dismiss the proceeding.  Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 628-29 (9th Cir. 1991).  The appropriate action depends on the status of the first-filed suit.  Id. at 629.  "The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit and forum shopping."  Id. at 628 (internal citations omitted).  Arguments that the first-to-file rule should not be applied, however, should be addressed to the court in the first-filed action.  Id.; Pacesetter, 678 F.2d at 96.

Thus, this Court will not address LS&C's arguments.  The Court defers to the New York district court to decide the appropriate forum and whether the first-to-file rule is applicable.  See Pacesetter, 678 F.2d at 96.

United States District Court
For the Northern District of California

1    In the interim, discovery shall go forward.  A court will be

2  required to determine whether Revise's mark infringes LS&C's, and

3  discovery will be necessary, irrespective of where the parties

4  litigate their claims.

5                              CONCLUSION

6    For the foregoing reasons, the Court GRANTS in part Revise's

7  motion to stay.  (Docket No. 7.)  Discovery may proceed.  Any case-

8  dispositive proceedings shall be stayed pending the New York

9  district court's rulings on LS&C's motion to dismiss and Revise's

10 motion to enjoin the proceedings in this Court.

11   The parties are instructed to notify the Court promptly upon

12 entry of an order in the pending action in the New York district

13 court.  If the New York district court grants LS&C's motion to

14 dismiss the first-filed action, the Court will lift the partial

15 stay in this action.  If, however, LS&C's motion is denied, the

16 Court will entertain a motion to transfer this case to the Southern

17 District of New York.

18   The initial case management conference is scheduled to take

19 place on December 7, 2010 at 2:00 p.m.

20   IT IS SO ORDERED.

21

22 Dated: 11/22/2010

   CLAUDIA WILKEN
   United States District Judge

23

24

25

26

27

28
                                   4